## Burdumy v. The Ohio Casualty Insurance Co.

*Frances L. Zarrilli*, for plaintiff.

*George J. McConchie*, for defendant.

DIGGINS, J., March 3, 1961.—Nelson Burdumy, individually and trading as Burdumy Lincoln Mercury, instituted the above action in assumpsit against the Ohio Casualty Insurance Company on June 6, 1959, to recover on a policy of insurance for the loss of an automobile resulting from a theft and/or larceny committed on or about March 31, 1959, by an individual allegedly known as Ed Martin. Defendant, the Ohio Casualty Insurance Company, filed an answer on August 25, 1959, denying the allegations in the complaint, and alleging by way of new matter that the particular loss was excluded by the pertinent paragraph of the policy, subparagraph (e) of paragraph 6, entitled "Exclusions," and filed a counterclaim for premiums alleged to be due to it by plaintiff on other policies then in force.

This situation was met by plaintiff filing preliminary objections to defendant's counterclaim, which preliminary objections were based on the contention

that the counterclaim was based on various policies, but it was not stated whether they were written or oral, or, if written, there was not attached copies of the policies or material parts thereof, nor was there any explanation of defendant's failure so to do as required under rule 1019(h), to which preliminary objections defendant filed an answer, stating that it was impossible to do so and explaining first that the contents of the said policy was fully known to plaintiff because a specimen copy had been sent to plaintiff's attorney and also stating that the original had been destroyed, which fact plaintiff also knew.

After argument, the court directed plaintiff to prepare an order directing defendant to file an amended counterclaim, attaching true and correct copies to the counterclaim of various insurance policies thereto, and, thereafter, plaintiff's attorney forwarded to defendant's attorney a copy of the proposed order which plaintiff intended to submit to the court for signature.

After an exchange of correspondence between the attorneys, having to do with what the proposed order to be presented to the court for signature should contain, defendant's attorney elected to discontinue the suit as to the counterclaim only. Thereupon, plaintiff filed a motion to strike off the order of discontinuance, claiming that, since the court en banc had directed that an order be prepared and presented, this action of the court could not be disregarded by defendant in the filing of the order to discontinue, and further claiming that, if the discontinuance is allowed, plaintiff would be open to a further and separate action by defendant which would violate the rule against multiplicity of suits and cause him prejudice and inconvenience.

As to the contention that defendant could not discontinue after the direction by the court en banc of the submission of a proposed order, we think there is no

merit. In the case of Sharp v. Zmiejko, 85 D. & C. 484, a similar situation arose, and there the court said:

"Where a plaintiff is directed to amend his complaint or else have judgment given to defendant, he may amend the complaint or he may discontinue the action and file a new complaint in another action."

In that case, it may be noted that not only was the party directed to amend, but by the terms of the order, if he failed, judgment was to be given to defendant. The court in this case did not go that far, yet in Sharp v. Zmiejko, supra, the right to discontinue and file a new complaint in another action on the part of plaintiff was sustained. We think this is sound law and in conformity with the rules governing discontinuance with or without leave of court.

As to the second phase of plaintiff's petition to strike off the order to discontinue, this is controlled by Rule 229 of the Rules of Civil Procedure and it will be noted under this rule there is reserved to the court the right upon petition and after notice to strike off a discontinuance if necessary in order to protect the rights of any party from unreasonable inconvenience, vexation, harrassment, expense, or prejudice.

However, in Anderson's Comments under Rule 229 at 229.8, page 196, 2 Anderson Pa. Civ. Pract., it is said: "The fact that a defendant may be subjected to a second action after the discontinuance of the first action is not such prejudice as bars the discontinuance of the first. The fact that the discontinuance by the plaintiff prevents the court from making a final determination against him, in which case a statute would entitle the defendant to recover counsel fees, is not a sufficient ground for striking the discontinuance entered by the plaintiff," and cites in support thereof Schultz v. Schultz, 77 D. & C. 191, Eich v. Eich, 83 D. & C. 255, and Fry Roofing Co. v. Textile Workers Union, 27 Lehigh 98, 70 York 148.

Therefore, it follows that the defendant was within its rights under the circumstances in this case in discontinuing and we make the following

*Order*

And now, to wit, March 3, 1961, plaintiff's motion to strike off defendant's order to discontinue counterclaim be and the same is hereby dismissed.

An exception is allowed plaintiff.